IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIM. ACTION NO. |
| v. | ) | 2:05cr73-T |
| | ) | (WO) |
| DAMON EARL MARTIN | ) | |

ORDER

This cause is now before the court on defendant Damon Earl Martin's motion to continue trial.  For the reasons set forth below, the court concludes that the motion should be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C.A. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such

>            charge is pending, whichever date last
>            occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, "[w]hether the failure to grant the continuance ... would deny counsel for the defendant or attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interests of the public and the defendant in a speedy trial. The defendant is assisting law enforcement in the investigation and prosecution of illegal drug activity and will not have completed his cooperation by the currently scheduled trial date of June 13, 2005. Since

the government does not object to a continuance, and the defendant has filed a waiver of his sixth amendment and Speedy Trial Act rights, the court will grant the motion to continue.

    Accordingly, it is ORDERED as follows:

(1) That defendant Damon Earl Martin's motion to continue (doc. no. 15) is granted; and

(2) That the jury selection and trial of this cause are reset for October 12, 2005, at 10:00 a.m.

    DONE, this the 8th day of June, 2005.

                                    /s/ Myron H. Thompson
                                    _____
                                    UNITED STATES DISTRICT JUDGE